### McGEE v. WELLS.

1. EVIDENCE—PLEAS—COUNTER-CLAIM.—In action on an account, plaintiff was asked on his cross-examination if he had not agreed with defendant that a bill due by plaintiff for furniture bought from a firm of which defendant was a member, should be credited on the account in suit, and plaintiff denied that there had been such an agreement. Defendant, when examined, was asked by his counsel, what was the value of this furniture, which question was ruled out, and defendant was limited to a contradiction of plaintiff's statement. *Held*, that there was no error in the exclusion of this question, the bill for furniture not being due to the defendant alone, nor pleaded as payment or counter-claim, nor stated in the account between the parties offered in evidence by the defendant.

2. EVIDENCE—TRIAL JUDGE.—On a claim for the value of services in superintending the building of a smoke-stack, a witness was permitted to testify that pay for work on a smoke-stack was higher than work on the main building, but did not say how much. This court will not declare error on the part of the trial judge in holding this testimony to be relevant.

3. CHARGE ON FACTS.—Stating an inference from undisputed facts, and stating facts hypothetically, is not a charge on the facts within the meaning of the constitutional inhibition.

Before KERSHAW, J., Abbeville, October, 1891.

Action by S. J. McGee against J. W. Wells, commenced July 9, 1891. The opinion states the case.

*Mr. Eugene B. Gary*, for appellant.

*Messrs. Graydon & Graydon & Giles*, contra.

October 15, 1892. The opinion of the court was delivered by MR. JUSTICE McGOWAN. This was an action for balance of

an account ($378.03) for brick laid in building the "Green-wood Cotton Mill," superintending building of smoke-stack of the same, and furnishing horse, furnishing scaffolding, and tearing down and putting in two windows, &c. The defendant, answering, denied that the plaintiff had laid the number of brick stated in the complaint, and amounting, as alleged, at the price agreed upon, to $2,250. He denied that he agreed that he would pay the plaintiff for all work done, except under the contract aforesaid; and he also denied each and every allegation in paragraphs 6, 7, and 8 of the complaint, relating to the items of account for superintending the building of a smoke-stack, and furnishing a horse, scaffolding, &c. The answer was, in effect, a general denial.

The cause came on for trial before Judge Hudson and a jury. The testimony is printed in the Brief, but being a law case, this court has not the power to review it. There were no requests to charge. The jury found a verdict in favor of the plaintiff for two hundred and twenty-five dollars ($225). The plaintiff appeals to this court upon numerous exceptions, which are all in the record, and, as we think, may be considered under three propositions: I. That the judge erred in ruling that the defendant could not testify as to certain furniture referred to in the testimony, on the ground that there was no plea of payment or counter-claim. II. That there was error in allowing W. L. Durst to testify as to the difference in price per thousand in brick put in the smoke-stack, and those put in the main building. III. That the judge in his charge violated the provision of the Constitution against charging upon the facts.

*First.* As to the matter of the furniture, it will be necessary to make a short statement. As well as we can ascertain, the facts are as follows: The plaintiff McGee had some time before—the exact time not stated—purchased a bill of furniture from the firm of Blythe & Wells, the Wells of the firm being the defendant. The amount of the account was stated to be $81.10. When the plaintiff was on the stand, he was asked[1] if he had not agreed with Mr. Wells, that the

[1] On his cross-examination—REPORTER.

amount due of the furniture claim should be credited on his account for wages, &c., now in suit, and he answered that he thought that was the agreement, but that he could not get Mr. Wells to agree to it, and there was no such agreement. When the defendant was examined, he was asked by his attorney, "what was the value of that furniture?" To this the plaintiff's attorney objected, on the grounds, that the account was due to Blythe & Wells, and that it was not pleaded either as payment or counter-claim. Defendant's attorney said the testimony was offered to contradict the testimony of the plaintiff McGee. The court ruled, that the witness could contradict the testimony of the plaintiff, "but if he wanted to contradict him by proving a payment or counter-claim, in order to avail himself of these things, there must be some such allegation in the answer," &c. The witness was allowed to answer that the plaintiff's testimony was not correct, &c. The account for furniture had no necessary connection with the subject-matter of the suit, but was independent, new matter. It was not due to the defendant Wells alone, but to Blythe & Wells, and possibly might have been transferred. The answer did not claim it as an additional payment, or interpose it as a counter-claim, nor was it mentioned in the statement of the accounts between the parties, furnished by the defendant and offered in evidence. We can not think that there was error here. "An independent counter-claim, not pleaded as such, can not be proved at the trial." *Sullivan* v. *Byrne*, 10 S. C., 122. See Code, sec. 170, subd. 2, and sec. 171.

*Second.* Was it error to allow W. L. Durst to testify as to the difference in price per thousand in laying brick in the smoke-stack, and putting them in the main building?

As we understand it, the plaintiff McGee was claiming compensation for superintending the building of the smoke-stack, as the allegation was, that he had received nothing for that work but $9.40. The smoke-stack being much higher than the main building, and requiring additional scaffolding, more was charged for superintending it. Mr. Durst was introduced as a witness, upon the *quantum meruit* count, as to the value of services rendered in erecting the smoke-stack, and as

the president of the company which had the mill built, he testified as to the difference in price per thousand which he had to pay for building the smoke-stack and main building. He said that work on the smoke-stack was higher, but he did not say how much. It may be, that, upon the issue as to the value of plaintiff's services on the smoke-stack, the testimony of Mr. Durst was not entitled to very great weight; but we cannot say that it was entirely irrelevant and inadmissible. "Whether testimony is irrelevant, must, in great measure, be left to the discretion of the presiding judge, subject to the right of the party to show the relevancy when objected to." *Lynn* v. *Thomson*, 17 S. C., 134.

*Third.* Did the judge violate the provision of the Constitution, which forbids charging upon the facts? It is sometimes difficult to determine whether a particular charge violates the provision referred to, but we can hardly think there is much doubt in this case. The whole charge must be considered together, and not in detached parts. We have read the charge carefully, and we do not think the judge invaded the province of the jury in regard to the facts. The *first* specification of violation is that the judge, in speaking of the number of brick laid in the main building, said in passing: "It seems that he did his work well." There was no issue as to the quality of the plaintiff's work. The only issue as to the main building was as to the number of brick in it. "The statement of an inference from undisputed facts, is not a violation of the Constitution." *Lynn* v. *Thomson*, 17 S. C., 134, *supra*. *Second* specification, as to alleged disregard of the Constitution : "Well, now, if that claim is established, did the plaintiff put up that scaffolding? Was it put up by him, and was it used by the defendant for his purposes, and was the use of it worth $75? Why, if so, he is entitled to recover that, but if it was not worth $75, he is only entitled to recover so much as it was worth; but if that claim is not established, if you don't believe that the scaffolding was used by the defendant, he ought not to get any thing for it." As it seems to us, this whole charge was hypothetical if the claim was established, and was fair and just. *Third:* "Now, if the work on that smoke-stack was something

extra, outside of the original contract for building the mill, and the plaintiff was called upon to build that stack, to put his hands there, to superintend the work, and he did, and constructed the smoke-stack, why he is entitled to be paid a reasonable price for the work that he did; and that is what the counsel means by his explanation of *quantum meruit.* It means this, that whenever a man does work at the request and with the consent of another man, then he is entitled to receive what it is reasonably worth. The use of a horse is said to be included in that charge for building of the stack, which is represented by the witnesses to be an immense structure, probably as tall and as large as the great obelisks of Egypt, of which we have read. Now, if these things have been established by the plaintiff, he is entitled to recover what they are reasonably worth, allowing credits which have been proved; but if he has failed to establish them to your satisfaction by the preponderance of the evidence, why, he cannot recover, and your verdict should be for the defendant to that extent.'' It seems to us that the judge fairly left every question of fact to the jury, and we cannot say that he improperly encroached upon the province of the jury.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.